```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TYRONE SIMMONS,                                    :
                    Petitioner,                    :
v.                                                 :
                                                   :
MICHAEL SHEAHAN,                                   :
                    Respondent.                    :
--------------------------------------------------------------x
```

Copy mailed by Chambers
4-15-2019  JAL

**MEMORANDUM OPINION AND ORDER**

14 CV 3998 (VB)

Briccetti, J.:

      Before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R") dated August 20, 2018, on petitioner Tyrone Simmons's pro se amended petition for a writ of habeas corpus.  (Doc. #21 ("Am. Pet'n")).  Respondent opposed the amended petition. (Docs. ##24–25).  Petitioner timely objected to Judge McCarthy's R&R.  (Doc. #41 ("Pet'r's Objs.")).[1]  Respondent did not respond to petitioner's objections.  Petitioner then filed a letter dated March 7, 2019, in further support of his objections.  (Doc. #43).

      Familiarity with the case's factual and procedural background is presumed.

      Liberally construed, the amended petition asserts seven grounds for relief:  (i) the trial court improperly imposed consecutive sentences for a single criminal act; (ii) the prosecution's expert witness improperly bolstered the victim's testimony; (iii) the prosecution violated Brady v. Maryland by withholding exculpatory evidence; (iv) the prosecution suborned perjury by eliciting testimony from petitioner's accomplice Jabar Williams; (v) the trial court violated petitioner's Sixth Amendment rights by precluding him from fully cross-examining Williams and another witness; (vi) a photo array in which petitioner was identified was improper and unduly suggestive; and (vii) petitioner received ineffective assistance of appellate counsel.  (See R&R at 20–21).

---

[1]     Petitioner's objections were docketed in duplicate.  (See Docs. ##41–42).

Judge McCarthy's R&R recommends that the Court deny the amended petition in its entirety.

For the following reasons, the R&R is ADOPTED in full as the opinion of the Court, and the amended petition is DENIED.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may submit specific written objections to a report and recommendation within fourteen days of its service, <u>see</u> Fed. R. Civ. P. 72(b)(2); <u>see also</u> 28 U.S.C. § 636(b)(1), or within seventeen days if service is made by mail, <u>see</u> Fed. R. Civ. P. 6(d).

The district court may adopt portions of an R&R to which no party timely objects, absent clear error apparent from the face of the record. <u>See</u> <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The district court typically reviews <u>de novo</u> any portions of a report and recommendation to which a party timely objects. 28 U.S.C. § 636(b)(1); <u>see</u> Fed. R. Civ. P. 72(b)(3). However, when a petitioner "simply rehashes the same arguments set forth in [his] original petition, . . . such objections do not suffice to invoke <u>de novo</u> review." <u>Read v. Thompson</u>, 2016 WL 165716, at *3 (S.D.N.Y. Jan. 13, 2016) (citing <u>Aponte v. Cunningham</u>, 2011 WL 1432037, at *1 (S.D.N.Y. Apr. 11, 2011)).[2] Rather, "where a party merely reiterates his original arguments, the Court reviews the Report only for clear error." <u>Aponte v. Cunningham</u>, 2011 WL 1432037, at *1.

---

[2] The Court will provide petitioner a copy of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d. Cir. 2009).

2

Because petitioner is proceeding pro se, the Court liberally construes his submissions and interprets them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

II.  Objections

The Court has carefully reviewed the R&R, petitioner's objections, and, where appropriate, the underlying record de novo. Having done so, the Court finds no error in Judge McCarthy's thorough and well-reasoned R&R.

Petitioner offers six objections to the R&R.

Petitioner's first objection, that "the magistrate judge erred in considering the original petition's issues," is meritless. (Pet'r's Objs. at 1). In light of petitioner's pro se status, Judge McCarthy "consider[ed] the claims set forth in both the original Petition and the Amended Petition." (R&R at 20 n.18). Although Judge McCarthy denied the original petition's two claims, those denials in no way foreclosed the five claims set forth in the amended petition.

Petitioner's second objection, that "the magistrate judge erred in determining that the photo array was not unduly suggestive in light of clearly established law," also lacks merit. (Pet'r's Objs. at 2). Most of petitioner's arguments on this point merely rehash arguments in the original and amended petitions. The Court finds no error, clear or otherwise, in Judge McCarthy's rejection of those arguments. Cf. Aponte v. Cunningham, 2011 WL 1432037, at *1. Petitioner does offer one new argument why the photo array was unduly suggestive—that petitioner was "the only person [in the array] wearing a wide, oversized jacket with fur around its collar," and "a necklace made of white gold" similar to a "'white gold chain' that was alleged to have been stolen during the incident." (Pet'r's Objs. at 4). Petitioner argues that "the large jacket was key, because, it was used to obscure petitioner's body type," which "would be a major

3

determining factor in [the victim's] ability to identify her abuser, as the attacker's body type would be the most prominent feature in a dark room." (Id. at 5). However, as the R&R explains, the trial judge held a pre-trial hearing concerning whether the photo array was unduly suggestive and concluded that it was not. (See R&R at 34–35). Petitioner bears the burden of showing by clear and convincing evidence that the trial court's factual determinations concerning the photo array were incorrect. (See R&R at 35). For the reasons set forth in the R&R, petitioner has failed to meet that burden.

Petitioner's third,[3] fourth,[4] and sixth[5] objections again rehash arguments in the original and amended petitions. Accordingly, as to those objections, the Court reviews the R&R for clear error. See Aponte v. Cunningham, 2011 WL 1432037, at *1. Having carefully done so, the Court finds no error, clear or otherwise.

Finally, petitioner's fifth objection, that "the magistrate judge erred in failing to hold a hearing," plainly lacks merit. (Pet'r's Objs. at 40).

---

[3] Compare Pet'r's Objs. at 14 (ineffective assistance of appellate counsel) with Am. Pet'n at 23–25 (same); Pet'r's Objs. at 15–16, 27–28 (right to confrontation) with Am. Pet'n at 16–18 (same); Pet'r's Objs. at 17–22 (suborning perjury) with Am. Pet'n at 14–15 (same); Pet'r's Objs. at 22–26 (Brady violation as to surveillance footage) with Am. Pet'n at 10–13 (same).

In "OBJECTION #3," petitioner objects "to the Magistrate's finding that 'the quality of the surveillance footage was low, and therefore, it is unclear whether petitioner could even be identified on the tape.'" (Pet'r's Objs. at 31 (quoting R&R at 29–30)). Judge McCarthy's description of the footage matches petitioner's own description of the footage in the amended petition. (See Am. Pet'n at 6 ("[T]he video which recorded the suspects entry into the building was in such a poor condition that it made it extremely difficult to identify any of the perpetrators conclusively.")).

[4] Compare Pet'r's Objs. at 33–38 (comparing Williams's Westchester County and Bronx testimony) with Am. Pet'n at 7–9 (same).

[5] Compare Pet'r's Objs. at 41 (arguing Williams committed perjury at petitioner's trial) with Am. Pet'n at 14–15 (same).

4

III.     Plaintiff's March 7, 2019, Letter

Finally, in an abundance of caution, the Court has considered petitioner's arguments in his letter dated March 7, 2019. (Doc. #43). In that letter, petitioner describes facts he claims evidence that the prosecution "withheld the full extent of [Williams's] sentencing agreement with the AUSA's Office in return for" testifying against petitioner at trial. Among other things, petitioner points to language in Williams's plea agreement and to a letter concerning Williams's prosecution in federal court.

Contrary to petitioner's contentions, the events and documents he references do not suggest prosecutorial misconduct of any kind in petitioner's underlying criminal prosecution.

Accordingly, the Court denies any relief petitioner requests in the March 7, 2019, letter.

**CONCLUSION**

The Report and Recommendation is adopted in full as the opinion of the Court. The amended petition is DENIED.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d. Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close this case.

Dated: April 15, 2019          SO ORDERED:
       White Plains, NY

                               _____
                               Vincent L. Briccetti
                               United States District Judge

5